People v Panlitz (2022 NY Slip Op 02197)





People v Panlitz


2022 NY Slip Op 02197


Decided on March 31, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 31, 2022

Before: Gische, J.P., Oing, Scarpulla, Shulman, Higgitt, JJ. 


Ind No. 366/18 Appeal No. 15622 Case No. 2019-1490 

[*1]The People of the State of New York, Respondent,
v
Kairy Panlitz, Defendant-Appellant.


Caprice R. Jenerson, Office of the Appellate Defender, New York (Stephen Chu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Andrew E. Seewald of counsel), for respondent.



Judgment, Supreme Court, New York County (Gilbert C. Hong, J.), rendered November 2, 2018, convicting defendant, after a jury trial, of sexual abuse in the first degree and forcible touching, and sentencing him to an aggregate term of 6 months, with 10 years' probation, unanimously affirmed.
The court properly denied defendant's application pursuant to Batson v Kentucky (476 US 79 [1986]). The "totality of all the relevant facts and circumstances" (People v Hecker, 15 NY3d 625, 664 [2010]) supports the court's finding that the nondiscriminatory reasons provided by the prosecutor for the challenges in question were not pretextual. Such a finding, based primarily on the court's assessment of the attorney's credibility, is entitled to great deference (see Snyder v Louisiana, 552 US 472, 477 [2008]; People v Hernandez, 75 NY2d 350 [1990], affd 500 US 352 [1991]). Each of the proffered nondiscriminatory reasons had a legitimate basis (see Hecker, 15 NY3d at 663-664 [2010]; People v Wint, 237 AD2d 195, 197-199 [1st Dept 1997], lv denied 89 NY2d 1103 [1997]), and defendant failed to establish any disparate treatment by the prosecutor of panelists whose situations were completely similar. We also note that defendant made only a weak prima facie case of discrimination, which is relevant to the issue of pretext (see Hecker, 15 NY3d at 660).
The court providently exercised its discretion in denying defendant's mistrial motion, based on a remark in the prosecutor's summation that was allegedly inaccurate or misleading. In context, the comment was not prejudicial, and the court offered to provide a curative instruction that would have sufficed, but defendant declined that remedy. Defendant's remaining claims of prosecutorial misconduct are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 31, 2022